UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 4665 |
| | ) | |
| v. | ) | Judge Gary Feinerman |
| | ) | |
| BWAY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

George Ayala brought this suit in the Circuit Court of Cook County, Illinois, against his former employer, BWAY Corporation, alleging state law claims and seeking $1,050,000 in damages. Doc. 1-1. BWAY removed the suit to federal court under 28 U.S.C. § 1441(a), invoking the diversity statute, 28 U.S.C. § 1332(a), which provides that federal courts have jurisdiction over civil disputes between "citizens of different States" when the amount in controversy exceeds $75,000. Doc. 1. To establish diversity, BWAY alleged that it is a Delaware corporation with its principal place of business in Georgia, making it a citizen of Delaware and Georgia, *see* 28 U.S.C. § 1332(c)(1), and that Ayala is a citizen of Illinois. Ayala moves to remand the suit to state court on the ground that BWAY's principal place of business is Illinois, not Georgia, rendering the parties non-diverse. Doc. 15.

As the party removing this suit to federal court, BWAY bears the burden of establishing federal jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* at 96-97. As just noted, Ayala challenges BWAY's assertion that its principal place of business is in Georgia, not Illinois. A corporation's principal place of business is its "nerve

1

center"—"the place where a corporation's officers direct, control, and coordinate the corporation's activities"—which "should normally be the place where the corporation maintains its headquarters." *Id*. at 92-93. To keep this case in federal court, then, BWAY must establish that its nerve center is in Georgia.

BWAY's evidence consists, in its entirety, of the following. BWAY has two corporate officers. Kenneth Roessler, the President and Chief Executive Officer, works at BWAY's "Executive Office" in Oak Brook, Illinois. Doc. 15-1; Doc. 20-4 at ¶¶ 2-3. Jeffrey Sprick, the Vice President and Chief Financial Officer, works at BWAY's "Corporate Office" in Atlanta, Georgia. Doc. 15-1; Doc. 20-4 at ¶¶ 2-3. Both Sprick and Roessler participate in "high-level decision-making for the Company with respect to Company strategy and direction." Doc. 20-4 at ¶ 2. The Atlanta office handles "many key aspects of the Company's high-level operations, including, but not limited to, the Company's tax planning, corporate accounting, and all banking-related functions," and it "processes all company transactions (including transactions for all fixed assets), all cash disbursements, all receivables, all checks, and all payroll for 4,000+ employees across all BWAY locations." *Id*. at ¶ 5. In addition, the Atlanta office "serves as the Company's hub for IT hardware and infrastructure, which supports all BWAY locations," "maintains BWAY's official corporate books and records," "has more persons working at that location (approximately 70 persons) than the Oakbrook [sic] Office," and is likely to host the company's next board meeting. *Id*. at ¶¶ 6-9. BWAY's filings with the Securities and Exchange Commission list the Atlanta office as the company's principal business address. Doc. 20-6.

This evidence does not come close to showing that BWAY's Georgia office, rather than the Illinois office, is the locus of the "direct[ion], control, and coordinat[ion of] the corporation's activities." *Hertz*, 559 U.S. at 92-93. The tax, accounting, payroll, and IT functions carried out

in Atlanta are routine matters of corporate housekeeping, not the sort of executive direction, control, and coordination functions that characterize a principal place of business. *See Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (7th Cir. 2014) ("When a corporation's day-to-day operations are managed in one state and its officers make significant corporate decisions and set corporate policy in another, the corporation's nerve center and principal place of business is the latter."). The fact that BWAY's SEC filings list the Atlanta office as its principal business address bears little weight. *See Hertz*, 559 U.S. at 97 ("[W]e reject … that the mere filing of a form [with the SEC] listing a corporations 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"). It makes no difference that more people work in the Atlanta office than in the Oak Brook office; it matters *what* those people do, not how many of them are doing it. *See id.* at 90-91 (rejecting the "business activities" approach, which considered the total number of employees in a State in determining a corporation's principal place of business). And the fact that BWAY's next board meeting will take place in Atlanta is irrelevant. *See id.* at 93 (holding that a corporation's principal place of business is "not simply an office where the corporation holds its board meetings").

True, the record reflects that both Sprick and Roessler participate in "high-level decision-making for the Company with respect to Company strategy and direction." Doc 20-4 at ¶ 2. But even if this and BWAY's other evidence established that the Atlanta office *participated* in the company's "direction, control, and coordination," BWAY still must show that the Atlanta office performs those functions to a *greater* extent than does the Oak Brook office; after all, determining which of two offices is a corporation's *principal* place of business inherently requires a comparison. *See Hertz*, 559 U.S. at 93 ("The word 'principal' requires us to pick out the main, prominent or leading place.") (internal quotations marks omitted); *Hoschar v.*

3

*Appalachian Power Co.*, 739 F.3d 163, 173 (4th Cir. 2014) (comparing direction, control, and coordination activities at the two locations where the corporation's officers worked to determine which was the principal place of business). Yet BWAY provides no evidence about what happens at the Illinois office, let alone evidence that the direction, control, and coordination functions performed at the Illinois office—where Roessler, the *President and CEO*, works—are less significant than those performed at the Georgia office. The court therefore finds that BWAY has failed to meet its burden of establishing that the Corporate Office in Georgia, as opposed to the Executive Office in Illinois, is the company's principal place of business.

Because BWAY is a citizen of Delaware and Illinois, the parties are not diverse, and because the parties are not diverse, BWAY's invocation of the diversity jurisdiction fails. Ayala's motion to remand accordingly is granted, and this suit is remanded to the Circuit Court of Cook County, Illinois.

August 31, 2017

United States District Judge